**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVAN ROBERT WOOD,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA OFFICE OF ADMINISTRATION, *et al.*,<br><br>Defendants. | : | Civil No. 1:25-CV-01570<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is the report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom recommending that the court grant Defendants' motion to dismiss and deny Plaintiff's motion for temporary restraining order. (Doc. 30.) Chief Judge Bloom finds that Plaintiff's claims pursuant to the Pennsylvania Veterans' Preference Act, the Fourteenth Amendment (Due Process and Equal Protection), and the Americans with Disabilities Act fail as a matter of law. (*Id.* at 10–18.)[1] As to Plaintiff's claim under the Uniformed Services Employment and Reemployment Rights Act, the report finds that the court lacks subject matter jurisdiction over this claim as it can only be brought in state court. (*Id.* at 18–19.) Turning to the motion for temporary restraining order, the report details that Plaintiff fails to meet the first critical factor for emergency relief of likelihood of success on the merits. (*Id.* at 19–21.)

[1] The court uses the page numbers from the CM/ECF header.

Plaintiff filed objections to the report and recommendation rearguing his complaint and raising arguments for the first time that he did not raise in his brief in opposition to Defendants' motion to dismiss before Chief Judge Bloom. (Doc. 31.) Defendants oppose the objections. (Doc. 36.) In addition, Plaintiff filed two motions for leave to supplement objections with post-report factual developments, a motion for oral argument on his objections, a motion to leave to file limited sur-reply to Defendants' response to Plaintiff's objections and to submit a supplemental declaration, and a motion for leave to amend and supplement and for related relief. (Docs. 32–35, 37–40.)

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Chief Judge Bloom's report and recommendation and finds no clear error or manifest injustice on the face of the record. (Doc. 30.)

The objections merely express disagreement with Chief Judge Bloom's analysis, reargue Plaintiff's case, and raise arguments for the first time that were not raised before the magistrate judge. *See Kelly v. Wells Fargo Bank, N.A.*, No. 13-cv-2298, 2015 WL 1333264, at *9 (M.D. Pa. Mar. 25, 2015) (collecting cases and finding that plaintiffs waived their argument by failing to raise it before the magistrate judge).

Accordingly, the court will adopt the report and recommendation, overrule Plaintiff's objections, grant Defendants' motion to dismiss, and dismiss Plaintiff's complaint without prejudice. Regarding Plaintiffs' motions, the court will deny the motion for temporary restraining order, the motions for leave to supplement objections with post-report factual developments, and the motion for oral argument on objections. However, the court will grant Plaintiff's motion for leave to file a limited sur-reply to Defendants' response to Plaintiff's objections and submit supplemental declaration. The court considered the sur-reply at Doc. 37-3 when ruling on Plaintiff's objections. An order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 4, 2026